ORIGINAL

FILED

NOV 1 3 2015

JAMES W. McCORMACK, CLERK
By: _____
DLP CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| AMERICAN SAFETY CASUALTY INSURANCE COMPANY | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action File No: 4:15cv700-DPM |
| WHITE CONSTRUCTION & CONCRETE CO., INC. & DANIEL W. WHITE, INDIVIDUALLY, | ) ) ) ) ) | This case assigned to District Judge Marshall and to Magistrate Judge Harris |
| Defendants | | |

## AMERICAN SAFETY CASUALTY INSURANCE COMPANY'S
## COMPLAINT FOR BREACH OF CONTRACT AND INDEMNITY

COMES NOW, AMERICAN SAFETY CASUALTY INSURANCE

COMPANY ("ASCIC" or "Surety") by and through its undersigned counsel, and

files this its Complaint for Breach of Contract and Indemnity against White

Construction & Concrete Co., ("WHITE CONSTRUCTION") and Daniel White,

individually (collectively, the "Defendants"), and in support thereof shows the

Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff ASCIC is a corporation created under the laws of Delaware and

having its principal place of business in Georgia.

2.

Defendant WHITE CONSTRUCTION is an Arkansas corporation that maintains its principal office address in Arkansas and may be served via its registered agent, Paula Jamell Storeygard, Eighth Floor, US Bank Building, One Riverfront Place, North Little Rock, Arkansas 72114.

3.

Defendant DANIEL W. WHITE is an individual residing in the State of Arkansas. Service may be perfected upon this defendant by serving a summons and copy of this Complaint at his residence located at 219 Wilson Point, Hot Springs National Park, Arkansas 71913.

4.

The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000).

5.

Complete diversity of citizenship exists between the parties.

6.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue in the United States District Court for the Eastern District of Arkansas, Western Division is proper pursuant to 28 U.S.C. § 1391(b)(1) because

the corporate defendant resides in North Little Rock (Pulaski County), Arkansas; and because all defendants reside in the state of Arkansas.

## ALLEGATIONS COMMON TO ALL COUNTS

7.

ASCIC is a commercial Surety that does business in Arkansas.

8.

This Complaint for Breach of Contract and Indemnification is based upon a General Indemnity Agreement dated July 22, 2011 ("Indemnity Agreement") and losses suffered in connection with surety bond nos. OKC613845 and OKC 613862 issued on behalf of WHITE CONSTRUCTION.

9.

On or about July 22, 2011, the Defendants executed a General Indemnity Agreement ("Indemnity Agreement") for the benefit of ASCIC (sometimes referred to as "Surety"). A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit 1 (redacted).

10.

Under the provisions of Paragraph 2 of the Indemnity Agreement, the Defendants, jointly and severally, agreed to:

Hold [surety] harmless, indemnify and keep indemnified the SURETY from and against any and all claims, demands, liability, losses, costs, and expenses of whatsoever kind or nature, including court costs, attorneys' fees, adjusting costs and investigative costs,

3

and from any against any and all other such losses and expenses which the SURETY may sustain, suffer or incur:

(i)      By reason of having executed or procured the execution of BONDS.

11.

In consideration of, and in reliance upon Defendants' execution of the aforementioned Indemnity Agreement, ASCIC as Surety did issue the following Bonds identified by project name ("Project") and obligee:

| Project Name | Obligee | Bond No. |
|---|---|---|
| Joplin Skate Center, Joplin, Missouri | Hunt Taylor Creek Contractors, Inc. | OKC613845 |
| City of Dewitt airport | City of Dewitte, AR | OKC613862 |

12.

A true and accurate copy of the Bonds referenced in Paragraph 11 are attached hereto as Exhibit 2.

13.

ASCIC has paid valid claims against WHITE CONSTRUCTION and ASCIC on the above-referenced Bonds.  ASCIC is subrogated to the rights of these claimants against WHITE CONSTRUCTION, and is therefore entitled to recover from WHITE CONSTRUCTION said payments.  ASCIC hereby asserts these rights against ESI. To date, the claims paid include the following claimants and amounts:

4

| Bond Number | Claimant | Amount Paid |
|---|---|---|
| OKC613845 | G&H Redi-Mix | $70,000.00 |
| OKC613862 | Anderson Electric of Pine Bluff | $4,734.00 |

14.

ASCIC has demanded and hereby demands that the Defendants indemnify ASCIC under the terms of the Indemnity Agreement and to immediately deposit with ASCIC the amount of $74,734, which ASCIC determined as its exposure under the above-referenced Bonds, exclusive of fees or costs, which total an additional $10,003.50 for a grand total net loss to ASCIC of $84,737.50. A true and accurate copy of the ASCIC's prior demand upon the Defendants is attached hereto as Exhibit 3. The Defendants have failed and refused to indemnify ASCIC as required under the Indemnity Agreement.

16.

In addition to the claims paid, ASCIC has incurred and will continue to incur substantial costs and expenses, including, without limitation, attorney's fees, accountant's fees, and consulting fees in investigating and resolving claims made under the Bonds issued by ASCIC on WHITE CONSTRUCTION'S behalf. Pursuant to the terms of the Indemnity Agreement, the Defendants are responsible, jointly and severally for payment of these costs and expenses.

## COUNT I – SPECIFIC PERFORMANCE OF INDEMNITY AGREEMENT

17.

5

This is an action for specific performance seeking equitable relief.

18.

The Defendants executed the Indemnity Agreement for the benefit of ASCIC as an inducement for ASCIC to issue the above-referenced bonds.

19.

Daniel White signed the Indemnity Agreement in his capacity as President of White Construction, and in his individual capacity.

20.

In addition to a contractual agreement to indemnify ASCIC for all liabilities, costs and expenses arising by virtue of the Bonds, the Defendants further agreed to post collateral security with ASCIC.   Specifically, the Defendants jointly and severally agreed that:

> "If for any reason SURETY shall deem it necessary to establish or to increase a reserve to cover any possible liability or loss from which PRINCIPAL or INDEMNITORS will be obligated to indemnify SURETY under the terms of this Agreement, or to establish a collateral deposit in connection with the issuance or procurement of any BOND for PRINCIPAL, the PRINCIPAL and INDEMNITORS will deposit with SURETY, immediately upon demand, a sum of money equal to such reserve and any increase thereof as collateral security to SURETY for such liability or loss."

22.

The Defendants entered into the Indemnity Agreement under which Defendants agreed to indemnify ASCIC for all liabilities, costs and expenses arising by virtue of the Bonds.

23.

Demands have been asserted against the Bonds. These demands have led to the losses described above. ASCIC has incurred and continues to incur losses on the Bonds as a result of the claims on the Bonds.

24.

The Defendants have failed and refused to honor their obligations under the Indemnity Agreement.

25.

To date, ASCIC has incurred expenses and fees and expects in the future to incur additional charges, expenses, costs and fees under the Bonds for which it is entitled to indemnification and reimbursement under the Indemnity Agreement.

26.

Under the Indemnity Agreement, the Defendants are liable to ASCIC for all losses, costs, fees and expenses, including consultant and attorneys' fees, which have been incurred and/or will be incurred by in the future in connection with the Indemnity Agreement, the Bonds, and the Project.

27.

ASCIC is fearful and apprehensive that the Defendants are or will become financially unable to pay any amounts that may be owing to any claimants against the Bonds for which ASCIC may be liable, or that the Defendants, based on upon their refusal to properly utilize and/or distribute the available contract balances for the benefit of ASCIC in accordance with the Indemnity Agreement, will sell, transfer, dispose of, lien, or secure or otherwise divert or conceal such assets.

28.

ASCIC is entitled to specific performance of all its rights and the Defendants obligations under the Indemnity Agreement including, without limitation, exoneration, indemnification and collateral deposit requirements and the Defendants are required to specifically perform all such obligations. ASCIC has and hereby demands such specific performance by Defendants.

## **COUNT II – BREACH OF INDEMNITY AGREEMENT**

29.

This is an action for damages seeking relief at law under the Indemnity Agreement.

30.

There exists a valid and enforceable contract between ASCIC and the Defendants, the terms of which are memorialized in the Indemnity Agreement.

31.

8

Defendant WHITE CONSTRUCTION executed the Indemnity Agreement for the benefit of ASCIC as an inducement for ASCIC to issue the above-referenced bonds.  Daniel White signed the Indemnity Agreement in his individual capacities.  See Exhibit 1.

32.

As part of the Defendants' contractual obligations arising out of the Indemnity Agreement, the Defendants agreed to indemnify ASCIC for all liabilities, costs and expenses arising by virtue of the Bonds indemnify ASCIC for all liabilities, costs and expenses arising by virtue of the Bonds; specifically, Defendants agreed to:

Defendants, jointly and severally, agreed to:

Hold [surety] harmless, indemnify and keep indemnified the SURETY from and against any and all claims, demands, liability, losses, costs, and expenses of whatsoever kind or nature, including court costs, attorneys' fees, adjusting costs and investigative costs, and from any against any and all other such losses and expenses which the SURETY may sustain, suffer or incur:

33.

Pursuant to the Indemnity Agreement, the Defendants are liable to the Surety in the amount of all losses incurred as a result of, or in consequence of, the issuance of the Bonds.

34.

9

ASCIC has paid valid claims on the above-referenced Bonds. To date, ASCIC has paid claims totaling $74,734 and incurred expenses of $10,003.50 for a total of $84,737.50.

35.

Demand has been made and is hereby made upon the Defendants to pay monies, costs, expenses and/or attorneys' fees under the Bonds in the amount of $84,737.50.

36.

ASCIC has previously and hereby demands indemnification and collateral security pursuant to the terms of the Indemnity Agreement from the Defendants for all sums, including costs and attorneys' fees, expended or to be expended by the Surety under the Bonds as a result of White Construction's actual and/or alleged default of its obligations in the amount of $84,737.50.

37.

The Defendants have failed and refused to honor their obligations under the Indemnity Agreement to make payment pursuant to the Indemnity Agreement, and to protect the Surety from liability and loss in connection with the issuance of the aforementioned Bonds, and to deposit collateral security with the Surety pursuant to the terms of the Indemnity Agreement.

38.

The Defendants' failure to make the foregoing payments as required under the Indemnity Agreement constitutes a breach of the Indemnity Agreement and as a direct proximate result of said breach, the Surety has incurred damages and liability.

39.

All conditions precedent to the Surety's right to indemnification and collateral security have been performed, waived, satisfied or otherwise excused by the Defendants. Due to Defendants' breach, the Surety is entitled to damages.

## COUNT III - COMMON LAW INDEMNITY

40.

This is an action for damages seeking relief at common law and in equity.

41.

There exists a special relationship between ASCIC, as surety, and White Construction, as principal, arising out of the parties' business dealings related to the Project and Bonds, such that it is appropriate for common law indemnification to exist.

42.

ASCIC has fully and completely performance any and all obligations arising out of the parties' business dealings related to the project and the Bonds, and is

wholly without fault for any losses, expenses and/or liabilities that have or may ultimately arise.

43.

ASCIC has and continues to incur losses and loss adjustment expenses as a result of the special relationship between ASCIC and its principal, White Construction. Additional indebtedness arising out of the special relationship will continue to accrue, including but not limited to the expenditure of funds paid in resolution of all claims against the Bond.

44.

Any and all losses and expenses incurred to date as a result of the special relationship between ASCIC and White Construction, as well as any liability that may be imposed in ASCIC as a result of any claims against the Bond, arise out of the vicarious, construction, derivative or technical liability imposed on ASCIC as a result of the fault and/or wrongdoing of White Construction.

45.

At common law, White Construction is responsible to ASCIC for any and all losses and expenses incurred or to be incurred.

46.

As a result of the Defendants' failure as aforesaid, ASCIC has and continues to be damaged thereby.

**WHEREFORE**, ASCIC prays for the following relief:

(a)      Defendants, jointly and severally, be ordered to specifically perform their obligations under the Agreement;

(b)      Judgment be had against Defendants in a total amount of no less than $84,737.50, plus pre-judgment interest, attorneys' fees, and costs and expenses;

(c)      That the Defendants be ordered not to sell, transfer or dispose of any assets that may be used to satisfy their indemnification obligation;

(d)      Such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED THIS 4th day of ~~October~~ November 2015.

Respectively submitted by:
**THOMPSON & SLAGLE, LLC**

By: _Joseph H. Wolenski_

Joseph H. Wolenski
Fla. Bar no. 42948
Ga. Bar no. 591347
5470 E. Johns Crossing, Suite 100
Johns Creek, GA 30097
770-662-5999
jwolenski@tandslawfirm.com
**ATTORNEY FOR DEFENDANT
AMERCIAN SAFETY
CASUALTY INSURANCE
COMPANY**